The judgment is *affirmed.*

*Jas. S. Pirtle, for appellants.    Kohn & Barker, for appellees.*

---

ED MEEK, JR., *v.* LAWRENCE COUNTY COURT.

[Abstract Kentucky Law Reporter, Vol. 1—125.]

**Payment of Guards.**

Under the statute providing that "Persons summoned as guards for the safe keeping of prisoners confined in jail shall be allowed $1.50 per day to be paid out of the treasury of the state, unless ordered to be paid by the county," where the guard is not ordered by the county judge or the circuit court, he cannot recover from the county.

APPEAL FROM LAWRENCE CIRCUIT COURT.

June 16, 1880.

OPINION BY JUDGE HARGIS:.

Section 5, Chap. 49, Gen. Stat., provides that "Persons summoned as guards for the safe keeping of prisoners confined in jail shall be allowed $1.50 per day (all) to be paid out of the treasury of the state, unless ordered to be paid by the county."

In this case the record shows that the county judge did not make the order for the guard, and that the payment therefor was not ordered, but refused to be ordered by the county; so the claim must be paid out of the treasury of the state, or not at all, for there is no statute authorizing the payment of such claims out of the county levy except Sec. 1, Chap. 49, Gen. Stat., and by that section payment out of the county levy cannot be demanded unless the county judge has made the order of record for the guard.

If the circuit court of Lawrence county had power to order the guard then the payment of appellant's claim should have been made out of the treasury of the state.   Section 1 conferred the power on the county judge to order the guard so that when the circuit judge should be absent from the county and his court not in session the safe keeping of prisoners subject to its jurisdiction would be under the control of the county judge.

It is an inherent necessity, for which Sec. 5, Chap. 49, provides "that the circuit court shall have power to prevent the escape or rescue of prisoners under its jurisdiction charged with felony." But

as the guard was not ordered by the county judge of Lawrence county, and no application out of term time of the circuit court having been legally made for a guard, and illegally refused or neglected by the county judge, the judgment of the circuit court is *affirmed*.

*Castle & Stewart, for appellant.*